UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYKEE J. ROSS,

        Petitioner,

                                  CASE NO. 08-12493

v.

                                  PAUL D. BORMAN
KENNETH McKEE,                        UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

**ORDER (1) DENYING RESPONDENT'S MOTION TO DISMISS,
(2) DENYING AS MOOT PETITIONER'S MOTION FOR EQUITABLE TOLLING,
AND (3) DIRECTING RESPONDENT TO FILE AN ANSWER TO THE
THE HABEAS PETITION AND THE RELEVANT STATE COURT MATERIALS**

This matter is pending before the Court on (1) petitioner Tykee Ross' *pro se* application for the writ of habeas corpus, (2) respondent Kenneth McKee's motion to dismiss the habeas petition as time-barred, and (3) Petitioner's motion for equitable tolling of the statute of limitations. The Court has determined that the habeas petition was timely filed. Accordingly, Respondent's motion to dismiss is denied, and Petitioner's motion for equitable tolling is denied as moot.

**I. BACKGROUND**

On December 17, 2001, a Wayne County Circuit Court jury found Petitioner guilty of felony murder, Mich. Comp. Laws § 750.316(1)(b), and armed robbery, Mich. Comp. Laws § 750.529. The trial court sentenced Petitioner to life imprisonment for the murder and to a concurrent term of seventeen to thirty years for the robbery. The Michigan Court of Appeals vacated Petitioner's armed robbery conviction and sentence on double jeopardy grounds, but affirmed Petitioner's murder conviction. *See People v. Ross*, No. 240371 (Mich. Ct. App. Oct. 28, 2003). On June 10, 2004, the

Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Ross*, 470 Mich. 874 (2004) (table).[1] The state supreme court denied reconsideration on September 28, 2004.[2] *See People v. Ross*, 471 Mich. 887 (2004) (table).

On January 25, 2005, Petitioner filed a motion for relief from judgment. The trial court denied his motion, and on March 30, 2007, the Michigan Court of Appeals denied leave to appeal the trial court's decision. *See People v. Ross*, No. 271952 (Mich. Ct. App. Mar. 30, 2007). The deadline for filing an application in the Michigan Supreme Court was July 5, 2007, fifty-six days after the Michigan Court of Appeals denied leave to appeal.[3] *See* Mich. Ct. Rule 7.302(C)(2). Petitioner appealed to the state supreme court, but the clerk of that court returned his application on July 6, 2007, because it was not filed within fifty-six days of the lower court's decision, as required by Rule 7.302(C)(2).

Petitioner alleges in a notarized statement that he mailed his habeas corpus petition to this Court on or about June 1, 2008. His claims are: (1) his right to cross-examine witnesses was violated, (2) the evidence was insufficient to convict him of felony murder, (3) his convictions violate the Double Jeopardy Clause, (4) the prosecutor's remarks constitute reversible error, (5) his Sixth Amendment right to confront witnesses was violated by the use of his non-testifying co-defendant's statement, (6) he is entitled to the retroactive application of *Crawford v. Washington*, 124 S. Ct. 1354 (2004), (7) he is entitled to a new trial due to the admission of his non-testifying co-

---

[1] Justices Michael F. Cavanagh and Marilyn Kelly voted to grant leave to appeal.

[2] Justice Kelly would have granted reconsideration and, on reconsideration, would have granted leave to appeal.

[3] The fifth-sixth day was July 4, but because that was a holiday, the last day of the appeal period was the end of the next day. Mich. Ct. R. 1. 108(1).

defendant's statement to the police, (8) he has demonstrated "good cause" for the failure to raise his claims on direct appeal and "actual prejudice" from the errors, (9) he was deprived of his Sixth Amendment right to effective assistance of counsel on appeal, (10) his confession was involuntary and should have been excluded, (11) his inculpatory statement was the result of an illegal arrest, (12) he was denied the right to effective assistance of counsel during a hearing, (13) the trial court erred when it failed to grant relief or an evidentiary hearing on his motion for relief from judgment, and (14) the trial court erred when it failed to rule on the issues that he raised *in pro per*. Respondent urges the Court to dismiss these claims on the ground that Petitioner failed to comply with the one-year statute of limitations.

## II. DISCUSSION

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

### B. Application

A prisoner's conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) when the availability of direct review to the state courts and the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, __ U. S. __, __, 129 S. Ct. 681, 685-86 (2008). Because Petitioner did not seek a writ of certiorari in the Supreme Court, his conviction became final on December 27, 2004, ninety days after the Michigan Supreme Court denied reconsideration on direct review. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000); Sup. Ct. R. 13. The statute of limitations began to run on the following day, but it stopped running twenty-nine days later on January 25, 2005, when Petitioner filed his motion for relief from judgment in the trial court. 28 U.S.C. § 2244(d)(2).

The limitation period generally is tolled until an application for post-conviction relief reaches final resolution through the State's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). However, an application has to be "properly filed" for it to toll the limitation period. 28 U.S.C. § 2244(d)(2). "An application is 'filed,' as that term is commonly understood, when it is delivered to, *and accepted by*, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis added). "And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id*. These usually prescribe, among other things, "the time limits upon its delivery." *Id*.

Petitioner properly filed his post-conviction motion for relief from judgment in the trial court, and he filed a timely appeal in the Michigan Court of Appeals. However, his application for leave to appeal in the Michigan Supreme Court on state collateral review was not accepted for filing

4

because it was untimely. Consequently, his appeal to that court was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo* 544 U.S. 408, 417 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. at 414. Therefore, Petitioner's post-conviction motion reached final resolution on July 5, 2007, the deadline for filing an appeal in the Michigan Supreme Court. The statute of limitations then resumed running. It stopped running on June 1, 2008, when Petitioner submitted his habeas corpus petition to prison officials for forwarding to this Court. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

To summarize, the limitation period ran 28 days before Petitioner filed his motion for relief from judgment in the trial court and 331 days after the motion reached final resolution in state court. Because the limitation period ran for a total of 359 days, or less than one year, the habeas petition is timely. Accordingly, Respondent's motion to dismiss [Dkt. #7] is **DENIED**. He is ordered to file an answer to Petitioner's claims, the transcript of trial, and any other relevant state court materials within sixty days of the date of this order. Petitioner's motion for equitable tolling [Dkt. #2] is **DENIED** as moot.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2009

5

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 30, 2009.

S/Denise Goodine
Case Manager