UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TYKEE ROSS,

        Petitioner,

                                    CASE NO. 08-12493

v.

                                    PAUL D. BORMAN

KENNETH McKEE,                      UNITED STATES DISTRICT JUDGE

        Respondent.

_____/

**OPINION AND ORDER**
**(1) GRANTING RESPONDENT'S MOTION FOR RECONSIDERATION,**
**(2) DISMISSING THE HABEAS PETITION WITH PREJUDICE,**
**(3) GRANTING A CERTIFICATE OF APPEALABILITY, AND**
**(4) GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On June 1, 2008, petitioner Tykee Ross filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. Respondent Kenneth McKee moved to dismiss the habeas petition as time-barred. The Court, however, denied Respondent's motion on March 30, 2009, and directed Respondent to file an answer to the petition. Currently pending before the Court is Respondent's motion for reconsideration of the Court's March 30, 2009, order.

The Court may grant reconsideration if a movant demonstrates that the Court was mislead by a "palpable defect" and "that correcting the defect will result in a different disposition of the case." Local Rule 7.1(h)(3) (E.D. Mich. Mar. 1, 2010). The Court agrees with Respondent that it made a palpable defect in its March 30, 2009, order by not applying the Supreme Court's decision in *Evans v. Chavis*, 546 U.S. 189 (2006), to the facts in this case. The Court further agrees with Respondent that correcting the defect will result in a different disposition of the case. Accordingly, Respondent's motion for reconsideration will be granted

and the habeas petition will be dismissed as time-barred.

## I. BACKGROUND

### A. The State Court Proceedings

On December 17, 2001, a Wayne County Circuit Court jury found Petitioner guilty of felony murder, Mich. Comp. Laws § 750.316(1)(b), and armed robbery, Mich. Comp. Laws § 750.529. The trial court sentenced Petitioner to life imprisonment for the murder and to a concurrent term of seventeen to thirty years for the robbery. The Michigan Court of Appeals vacated Petitioner's armed robbery conviction and sentence on double jeopardy grounds, but affirmed Petitioner's murder conviction. *See People v. Ross*, No. 240371 (Mich. Ct. App. Oct. 28, 2003). On June 10, 2004, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Ross*, 687 N.W.2d 294 (2004) (table).[1] Reconsideration was denied on September 28, 2004.[2] *See People v. Ross*, 688 N.W.2d 506 (Mich. 2004) (table).

On January 25, 2005, Petitioner filed a motion for relief from judgment. The trial court denied his motion, and on March 30, 2007, the Michigan Court of Appeals denied leave to appeal the trial court's decision. *See People v. Ross*, No. 271952 (Mich. Ct. App. Mar. 30, 2007). The Court of Appeals denied reconsideration on May 9, 2007. Petitioner applied for leave to appeal in the Michigan Supreme Court, but the court returned his application on July 6, 2007, because it was not filed within fifty-six days of the lower court's decision, as required by

---

[1] Justices Michael F. Cavanagh and Marilyn Kelly voted to grant leave to appeal.

[2] Justice Kelly would have granted reconsideration and, on reconsideration, would have granted leave to appeal.

Michigan Court Rule 7.302(C)(2).

### B. The Habeas Petition and Motion to Dismiss

Petitioner filed his habeas corpus petition on June 1, 2008.[3] He claims that (1) his right of confrontation was violated when a witness was not cross-examined, (2) the evidence was insufficient to convict him of felony murder, (3) his felony murder and armed robbery convictions violate the Double Jeopardy Clause, (4) the prosecutor's remarks about defense counsel entitle him to a new trial, (5) the procedural default doctrine should not prevent him from seeking relief regarding the admission of a co-defendant's statement to the police, (6) he is entitled to the retroactive application of *Crawford v. Washington*, 541 U.S. 36 (2004), (7) he has a right to a new trial based on *Crawford* and the admission of his non-testifying co-defendant's statement to the police, (8) he has demonstrated good cause for the failure to raise claims on direct appeal and actual prejudice from the errors, (9) he was deprived of his Sixth Amendment right to effective assistance of counsel on appeal, (10) his confession was involuntary and should not have been admitted in evidence, (11) his inculpatory statement was the result of an illegal arrest, (12) he was denied the right to effective assistance of counsel during a pretrial hearing, (13) the trial court erred by failing to grant relief or an evidentiary hearing on his motion for relief from judgment, and (14) the trial court erred when it failed to rule on the issues that he raised in pro per.

Respondent moved to dismiss the petition on the ground that Petitioner failed to comply

---

[3] Pursuant to the "prison mailbox rule," the Court deems the petition filed on the date that Petitioner submitted his pleading to prison officials for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Petitioner has informed the Court that he deposited his habeas petition in the prison's internal mail system on or about June 1, 2008.

3

with the one-year statute of limitations. As noted, the Court denied Respondent's motion to dismiss and directed Respondent to file an answer to the petition. Respondent complied with the Court's order, but also moved for reconsideration of the Court's order denying his motion to dismiss the habeas petition. The Court believes for the following reasons that Respondent is correct in concluding that the statute of limitations expired before Petitioner filed his habeas petition.

## II. DISCUSSION

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitation period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner is not relying on a new constitutional right, *see* § 2244(d)(1)(C), or on newly-discovered facts, *see* § 2244(d)(1)(D). Although Petitioner alleges that state officials transferred him from prison to prison and confiscated or misplaced his legal paper work, he has not

4

supported these allegations with any documentation, nor shown that the state officials' conduct was unconstitutional. Therefore, § 2244(d)(1)(B) also does not apply here. The only applicable subsection is § 2244(d)(1)(A).

Petitioner's conviction became final under § 2244(d)(1)(A) on December 27, 2004, ninety days after the Michigan Supreme Court denied reconsideration on direct review. *See Jimenez v. Quarterman*, __ U. S. __, __, 129 S. Ct. 681, 685-86 (2008); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000); Sup. Ct. R. 13. The statute of limitations began to run on the following day, and it continued to run until January 25, 2005, when Petitioner filed a motion for relief from judgment in the trial court. The limitation period remained tolled while the motion was under consideration in the trial court and in the Michigan Court of Appeals. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). On March 30, 2007, the Michigan Court of Appeals denied leave to appeal, and on May 9, 2007, the Court of Appeals denied reconsideration. Petitioner then applied for leave to appeal in the Michigan Supreme Court, which rejected and returned Petitioner's application without filing it because it was untimely.

An application for state post-conviction review must be "properly filed" for it to toll the limitation period. 28 U.S.C. § 2244(d)(2). "An application is 'filed,' as that term is commonly understood, when it is delivered to, *and accepted by*, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis added). "And an application is 'properly filed' when its delivery and acceptance are in compliance with the

5

applicable laws and rules governing filings." *Id*. These usually prescribe, among other things, "the time limits upon its delivery" and "the court and office in which it must be lodged." *Id*.

A post-conviction application is "pending" within the meaning of 28 U.S.C. §2244(d)(2) during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Chavis*, 546 U.S. at 191 (citing *Carey v. Saffold*, 536 U.S. 214 (2002)) (emphasis in original). In other words, "only a *timely* appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court." *Id*. at 197 (emphasis in original).

Petitioner's appeal to the Michigan Supreme Court on state collateral review was untimely. Therefore, under *Chavis* the limitation period was not tolled between the Michigan Court of Appeals' denial of reconsideration on May 9, 2007, and Petitioner's subsequent application for leave to appeal in the Michigan Supreme Court. This means that the limitation period resumed running on May 10, 2007. Petitioner then waited 388 days to submit his habeas corpus petition to the Court on June 1, 2008. The limitation period also ran 28 days before Petitioner filed his motion for relief from judgment in the trial court. Because the limitation period ran for a total of 416 days, or more than one year, the habeas petition is untimely, absent tolling.

### B. Equitable Tolling

Petitioner urges the Court to equitably toll the limitation period. Equitable tolling applies in appropriate circumstances to the one-year limitation period for habeas petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). However, "a litigant seeking equitable

6

tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). When deciding whether equitable tolling is appropriate, courts in this Circuit also consider and balance the factors set out in *Andrew v. Orr*, 851 F.2d 146 (6th Cir. 1988). *Dunlap*, 250 F.3d at 1008-09. The Andrews factors are:

> (1) lack of actual notice of [the] filing requirement; (2) lack of constructive knowledge of [the] filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrews*, 851 F.2d at 151. "Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and, although Petitioner may have been diligent in pursuing his rights, he has not alleged that he lacked notice or constructive knowledge of the filing requirement. Petitioner does allege that his attorney's negligence on state collateral review was "cause" for his untimely application in the Michigan Supreme Court in 2007. However, "[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings," *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citation omitted), and counsel's allegedly ineffective assistance does not excuse Petitioner's untimely habeas petition.

Petitioner also alleges that he is unskilled in the law, that he was transferred to several

different correctional facilities, and that prison officials misdirected and confiscated his legal work. Petitioner's *pro se* status and ignorance of the law are insufficient grounds for equitable tolling, *Johnson v. United States* 544 U.S. 295, 311 (2005); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Furthermore, Petitioner admits that by January 14, 2008, at least some documents had been returned to him and that he was able to locate an inmate who could assist him in filing his habeas petition. The statute of limitations did not expire until almost three months later on April 10, 2008. Petitioner and his fellow inmate could have completed a habeas corpus petition within that amount of time. Therefore, it is not appropriate to equitably toll the limitation period for the time during which state officials supposedly confiscated Petitioner's papers and transferred Petitioner from prison to prison.

### III. CONCLUSION

For the reasons given above, the Court concludes that Petitioner's habeas petition is barred by the one-year statute of limitations and that equitable tolling of the limitation period is not appropriate. Accordingly, Respondent's motion for reconsideration is **GRANTED**, and the habeas petition is **DISMISSED** with prejudice for failure to comply with the statute of limitations.

### IV. CERTIFICATE OF APPEALABILITY

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim[s], a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists could debate whether the Court's procedural ruling is correct. The Court therefore **GRANTS** a certificate of appealability on the issue of whether the habeas petition is barred by the statute of limitations. Petitioner may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 11, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 11, 2010.

s/Denise Goodine  
Case Manager
