UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TYKEE J. ROSS,

        Petitioner,

                        CASE NO. 08-12493

v.

                        PAUL D. BORMAN
KENNETH McKEE,        UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

**OPINION AND ORDER:**
**(1) DENYING PETITIONER'S MOTION FOR RECONSIDERATION** (dkt. 32)**,**
**(2) GRANTING PETITIONER'S "MOTION TO ADDENDUM/ATTACHMENT**
**OF PETITIONER'S MOTION FOR RECONSIDERATION"** (dkt. 36),
**(3) DENYING PETITIONER'S MOTION**
**FOR A CERTIFICATE OF APPEALABILITY** (dkt. 35)

      Petitioner Tykee J. Ross has filed a Motion for Reconsideration of this Court's denial of his *pro se* habeas corpus petition, which challenges Petitioner's state conviction for felony murder.  The habeas petition raised several claims regarding the Confrontation and Double Jeopardy Clauses, the sufficiency of the evidence, the prosecutor's remarks, Petitioner's arrest and confession, trial and appellate counsel, and the post-conviction proceedings in state court. The Court denied the petition after concluding that the state court decisions on Petitioner's claims were not so lacking in justification that there was an error beyond any possibility for fairminded disagreement.  Currently before the Court are:  (1) Petitioner's motion for reconsideration of the Court's dispositive opinion and order; (2) Petitioner's "motion to addendum/attachment of Petitioner's motion for reconsideration;" and (3) Petitioner's motion for a certificate of appealability.

### I.  The "Motion to Addendum/Attachment

of Petitioner's Motion for Reconsideration"

Petitioner's "Motion to Addendum/Attachment of Petitioner's Motion for Reconsideration" alleges that the Court misapplied *Brecht v. Abrahamson*, 507 U.S. 619 (1993), in its dispositive opinion and order. In support of this argument, Petitioner points to the Sixth Circuit's unpublished decision in *Scott v. Gundy*, 100 F. App'x 476 (6th Cir. 2004). Because Petitioner merely seeks to amend his motion for reconsideration, his "Motion to Addendum/Attachment of Petitioner's Motion for Reconsideration" (dkt. #36) is **GRANTED**.

## II. The Motion for Reconsideration

The Court determined in its dispositive opinion and order that evidence concerning the co-defendants' statements to the police violated Petitioner's right of confrontation, but that the constitutional error was harmless. Petitioner alleges in his motion for reconsideration that the Court erred when it determined that the evidence was harmless.

Local Rule 7.1(h) allows a party to file a motion for reconsideration, but the rule requires the movant to "show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). Local Rule 7.1(h) "also specifically states that merely presenting the same issues that the court previously ruled on is not an acceptable ground for reconsideration." *Indah v. U.S. S.E.C.,* 661 F.3d at 924.

At issue here is the Court's determination that the erroneous admission of evidence regarding the non-testifying co-defendants' statements to the police was harmless error. The Supreme Court explained in *Brecht v. Abrahamson*, 507 U.S. at 623, that a constitutional error is

harmless unless it had a "substantial and injurious effect or influence in determining the jury's verdict." Petitioner urges the Court to consider *Scott v. Gundy*, 100 F. App'x 476, 480 (6th Cir. 2004), in which the Sixth Circuit stated:

> [t]he *Brecht* test, we are told, is not one of "actual prejudice," which is to say it is not a test that asks us to look at the evidence, subtract out the confession, then determine whether the properly-admitted evidence suffices to convict. *See O'Neal v. McAninch*, 513 U.S. 432, 438-39, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995) (noting that *Brecht* is not controlling to the extent it requires a petitioner to establish "actual prejudice"); see also *Kotteakos*, 328 U.S. at 764-65, 66 S. Ct. 1239 (stating that the proper inquiry under the federal harmless error review statute is not whether the jurors "were [ ] right in their judgment" or whether "there was enough to support the result, apart from the phase affected by the error"); *Caldwell v. Bell*, 288 F.3d 838, 842-43 (6th Cir. 2002). Rather, the question is whether "the error itself had substantial influence" on the verdict even if the evidence otherwise supported the verdict, and "[i]f so, or if one is left in grave doubt, the conviction cannot stand." *Caldwell*, 288 F.3d at 842.

Although Petitioner correctly points out that the Court does not know what actually persuaded the jury to convict him, there was testimony that Petitioner made admissions to the police and that he wrote an incriminating note to one of his co-defendants while the two of them were confined in jail. There was additional testimony that Petitioner informed his friend Ramone Neal that he (Petitioner) and his acquaintances robbed the Dollar Store and that co-defendant Roy Jackson shot a man.

Given this testimony, evidence of the non-testifying co-defendants' statements to the police could not have had a substantial influence on the jury's verdict. Consequently, the Court did not make an obvious, clear, unmistakable, manifest, or plain mistake when it stated in its dispositive opinion that evidence regarding the co-defendants' statements to the police was harmless. The Court therefore declines to grant reconsideration on Petitioner's claim under the Confrontation Clause.

3

Petitioner also wants the Court to reconsider its decision about the prosecutor's closing argument and appellate counsel's failure to raise all of Petitioner's claims on direct appeal. In addition, Petitioner seeks reconsideration of the Court's conclusion that trial counsel was not ineffective for failing to argue that Petitioner's arrest was illegal and that Petitioner's admissions to the police and to a co-defendant resulted from an illegal arrest or an unnecessary delay in the arraignment. Petitioner claims that defense counsel should have moved to suppress his statement to the police on the ground that his arrest was illegal because there was no arrest warrant and the police lacked probable cause to arrest him. Petitioner claims that the Court erred when it concluded that Ramone Neal made himself known to the police and that Mr. Neal's statement to the police provided probable cause to arrest Petitioner.

The Court may have erred when it stated that Ramone Neal made himself known to the police.[1] But the Court does not believe it made an obvious, clear, unmistakable, manifest, or plain mistake when it concluded that Mr. Neal's statement to the police, which implicated Petitioner in the crime, provided the police with probable cause to arrest Petitioner. Furthermore, Petitioner is "merely present[ing] the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(h)(3). Accordingly, the motion for

---

[1] Mr. Neal testified that the police arrested him on January 5, 2001, as he was walking down the street. (Trial Tr. Vol. V, 83, Nov. 26, 2001). On the other hand, Investigator James Fisher testified that he stopped Mr. Neal on the street because Neal fit a description that someone had provided to Fisher. Mr. Neal identified himself by name when Investigator Fisher stopped him. Fisher then conveyed Mr. Neal to police headquarters and advised Mr. Neal of his constitutional rights "as a safeguard." Investigator Fisher denied mistreating Mr. Neal or trying to "pin a murder" on him, and he claimed that when he asked Mr. Neal what happened at the Dollar Store, Mr. Neal "just poured it all out" in his statement to Fisher. (Trial Tr. Vol. XIII, 204-06, 211-12, Dec. 10, 2001.)

reconsideration [dkt. #32] is **DENIED**.

### III. The Motion for a Certificate of Appealability

Petitioner seeks a certificate of appealability on his claim that there was an unnecessary delay in his arraignment. Petitioner claims that an incriminating note which he passed to co-defendant Demel Dukes after their arrests and while they were confined in jail was the result of his illegal arrest and detention. According to Petitioner, the Court erred when it determined that the delay in conducting the arraignment did not cause Petitioner to confess to the police or to make admissions to Demel Dukes. Petitioner further alleges that trial counsel was ineffective for conceding that there was no basis for excluding evidence of the note that Petitioner passed to Dukes.

A certificate of appealability may issue on Petitioner's claims only if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When, as here, a court has rejected a habeas petitioner's claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484.

The Court determined in its dispositive opinion and order that Petitioner's arrest was legal and that the delay in his arraignment did not cause Petitioner to make admissions. The Court also determined that defense counsel was not ineffective for failing to argue that

Petitioner's arrest was illegal or that Petitioner's admissions resulted from an illegal arrest or an unnecessary delay in the arraignment.

Reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong, because Petitioner's arrest was supported by probable cause, and there is no indication in the record that the police delayed the arraignment to acquire additional evidence against Petitioner or to induce a confession. In fact, Petitioner confessed less than forty-eight hours after he was detained. The Court therefore declines to grant a certificate of appealability on Petitioner's claims about his arrest, the delay in his arraignment, and his attorney's allegedly deficient performance. The motion for a certificate of appealability (dkt. #35) is **DENIED**.

The Court nevertheless abides by its decision in the dispositive opinion and order that a certificate of appealability may issue on Petitioner's fourth claim regarding the prosecutor's conduct and Petitioner's seventh claim regarding the non-testifying co-defendants' statements to the police. *See* Dkt. #30. Petitioner may seek a certificate of appealability from the Court of Appeals on the remaining issues. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 21, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 21, 2014.

s/Deborah Tofil
Case Manager